IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Criminal No. 5:20-CR-00293-M
Civil No. 5:23-CV-00130-M

| | |
|---|---|
| JEROME COZART, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) ORDER<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | )<br>) |

This matter comes before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 42], the United States' Motion to Dismiss the § 2255 petition [DE 51], and Defendant's "Motion for Leave to Supplement Existing 2255" [DE 54]. The court finds that the petition, the United States' motion, and the record in this case conclusively show that Petitioner is entitled to no relief; therefore, no hearing is necessary pursuant to 28 U.S.C. § 2255(b). For the reasons that follow, the United States' motion to dismiss is granted, and the petition and Defendant's motion to supplement are denied.

I. **Case Background**

On June 17, 2020, Petitioner was charged with possession of a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(l) and 924. DE 1. Petitioner waived a detention hearing and was detained pending trial on July 28, 2020. DE 16, 17. On October 6, 2020, Petitioner pled guilty to the charge without a written plea agreement (DE 21), and on March 2, 2021, the court sentenced Petitioner to 96 months in custody followed by three years on supervised release (DE 35, 37).

Relevant here, nothing in the written record indicates that Petitioner suffered from a mental illness or condition that impaired his ability to understand the proceedings.

Petitioner now collaterally attacks his sentence, arguing that his retained counsel was ineffective in violation of the Sixth Amendment in failing to "develop [the] fact that petitioner suffers from a mental deficiency as evidenced by [the] sentencing judge ordering mental compe[]tency tests to be performed post trial." DE 42 at 4. Specifically, Petitioner contends that his counsel "erred by not having petitioner examined to verify if petitioner was competent to enter [a] plea on [his] own behalf." *Id.* In addition, Petitioner asserts that the court violated his Fifth Amendment right to due process when it "erred in determining petitioner was competent at [the] plea hearing." *Id.* at 5.

The United States responded by filing a motion to dismiss (and memorandum in support), in which the government argues that the petition is untimely and, alternatively, that the petition fails to state a claim, in that "Petitioner incorrectly equates the Court's recommendation of a mental health assessment and treatment with mental competency testing. The record shows that there was no indication or evidence for either the Court or counsel to suspect Petitioner was not competent to enter a plea." DE 52 at 2.

Although informed that he had the opportunity to file a response to the United States' motion, Petitioner failed to do so. The court has reviewed the entire record is fully apprised.

## II.  Legal Standards

Section 2255 provides that habeas relief should be awarded when:

> the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). Once the petitioner has shown this, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010) (quoting § 2255(b)).

The Government may respond to a Section 2255 petition by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"). In such proceedings, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138-39 (4th Cir. 2009).

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the well-pleaded factual allegations contained within the pleading and must draw all reasonable inferences in the pleader's favor, *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), but any legal conclusions proffered by the pleader need not be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The *Iqbal* Court made clear that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

To survive a Rule 12(b)(6) motion, the non-movant's well-pleaded factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly*'s plausibility standard requires that the non-

3

movant's well-pleaded factual allegations "be enough to raise a right to relief above the speculative level," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 555–56. A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–79 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)). Courts must view the well-pleaded facts in the light most favorable to the non-movant. *Sheppard v. Visitors of Virginia State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021).

## III. Analysis

The United States first argues that the petition should be dismissed as untimely. Regarding timeliness, section 2255 provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. § 2255. "Normally, for a motion to be timely under § 2255(f), a petitioner must file for relief within one year of the date that his judgment of conviction becomes final." *United States v. Green*, 67 F.4th 657, 663 (4th Cir.), *cert. denied*, 144 S. Ct. 226, 217 L. Ed. 2d 100 (2023) (quoting *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017)). "Where, as here, a petitioner does not file a direct appeal, a conviction becomes final when the appeal period expires. *Id.* (citing *Whiteside v. United States*, 775 F.3d 180, 182 (4th Cir. 2014)).

In this case, Petitioner mentions nothing about whether the United States impeded his ability to file a timely motion, whether the Supreme Court recently recognized a right he asserts was violated, or whether new facts arose after his conviction and sentence that could only be discovered by his due diligence. Rather, Petitioner claims that he did not receive "crucial" documents necessary to prepare the petition until March 26, 2022, which is less than one year prior to filing his petition. Petition at 11, DE 42. The court is not convinced; the letter attached to his petition from his prior counsel enclosing the so-called "crucial" documents[1] was in response to Petitioner's "March 21, 2022 letter." *See* DE 42-1. Petitioner provides no argument nor explanation for his year-long delay in requesting the documents. The court finds that the date on which Petitioner's judgment of conviction became final occurred in May 2021 (*see* Rule 4(a)(1)(B)) and he filed the present petition in March 2023, nearly two years later. Thus, the petition is untimely and must be dismissed.

Even if it were timely, the court would dismiss the petition on other grounds. First, a claim for ineffective assistance of counsel requires a showing of both "deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (citing *Strickland v. Washington*,

---

[1] Petitioner also fails to explain how copies of his "Indictment, Docket Sheet, Judgment, and Page 3 of [his] Presentence Report," reflecting that he "did not have a plea agreement with the government," are crucial to his claims concerning his alleged mental incompetence in this matter.

5

466 U.S. 668 (1984)). Deficient performance means that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Discerning this objective standard entails consideration of "professional norms." *United States v. Cannady*, 63 F.4th 259, 265 (4th Cir. 2023).

Prejudice is shown if, but for the deficient performance, "there is a reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Given the nuance involved in pretrial negotiations, courts strictly apply the *Strickland* standard when evaluating claims for ineffective assistance of counsel at the plea-bargaining stage, and properly exercise their "limited role" with "judicial caution." *Premo v. Moore*, 562 U.S. 115, 125 (2011).

Petitioner argues that his counsel failed to "have petitioner examined to verify if [he] was competent to enter [a] plea on [his] own behalf." DE 42 at 4. The record reflects nothing that would put defense counsel on notice of any issue with Petitioner's mental competency. At the arraignment, Petitioner answered, without any difficulty, all of the court's questions concerning his competence and ability to understand:

> THE COURT: It's important that you fully understand my questions and my statements. If you don't understand me at any time, please say so, and you may confer with your lawyer before answering any of my questions.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: How old are you, sir?
>
> THE DEFENDANT: 31.
>
> THE COURT: How far did you go in school?
>
> THE DEFENDANT: Ninth grade.
>
> THE COURT: Can you speak and understand English?

6

THE DEFENDANT: Yes, sir.

THE COURT: Can you read and write in English?

THE DEFENDANT: Yeah.

THE COURT: You have some difficulty with complex written material?

THE DEFENDANT: Yeah, I was in special classes going through school. I'm not good at reading and writing.

THE COURT: Okay. Do you have any illness or condition that affects your ability to hear and understand these proceedings today?

THE DEFENDANT: No, sir.

THE COURT: Have you taken any drugs, medicine, pills, or drunk any alcohol within the last 24 hours?

THE DEFENDANT: No, sir.

THE COURT: Ms. Godwin, do you have any doubt as to the defendant's competence to plead at this time?

MS. GODWIN: No, Your Honor.

THE COURT: Mr. Dodson, does the government have any doubt as to the defendant's competence to plead at this time?

MR. DODSON: We do not, Your Honor.

THE COURT: Based on this Court's questions and the defendant's answers and counsel's answers, this Court finds the defendant is competent to enter a plea today. Mr. Cozart, have you received a copy of the indictment? That is, the written charges against you in this case.

THE DEFENDANT: Yes, sir.

THE COURT: Have you had an adequate opportunity to discuss the indictment and your case with your lawyer?

THE DEFENDANT: Yes, sir.

THE COURT: Have you, in fact, had those conversations?

THE DEFENDANT: Spoke with her about it? Yes, sir.

> THE COURT: Are you fully satisfied with your lawyer's legal services in your case?
>
> THE DEFENDANT: Yes, sir.

Arraign. Tr. 3: 19 – 5: 23, DE 47. After the court engaged in a thorough discussion of the Petitioner's rights to a jury trial and the consequences of pleading guilty, the court asked the Petitioner the following questions:

> THE COURT: Mr. Cozart, do you understand all of the rights that I've explained to you?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand all of the possible consequences of pleading guilty?
>
> THE DEFENDANT: I'm sorry, sir.
>
> THE COURT: Do you understand all of the possible consequences of pleading guilty that we discussed?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that right now, at this very moment, you still have the right to plead not guilty to every offense brought against you?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that if you plead not guilty, you would enjoy all the trial-related rights and the appeal rights that I've described to you?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You also understand that if you enter a plea of guilty and I accept it, there will not be a trial? Instead, you will have waived or given up your right to a trial as well as all of the trial-related rights that I've just described to you.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Understand that?
>
> THE DEFENDANT: Yes, sir.

8

>THE COURT: Have you answered all of my questions truthfully today?
>
>THE DEFENDANT: Yes, sir.

*Id.* 14: 8 – 15: 11. The defendant then admitted his conduct and pled guilty to the charge in the Indictment, and the court accepted the guilty plea. *Id.* 15: 22 – 16: 4; 19: 12-24. "A defendant's solemn declarations in open court affirming a plea [ ] carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted) (cleaned up). In light of such presumption, the defendant's sworn statements "present a formidable barrier in any subsequent collateral proceedings." *Id.* (citations omitted). "Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Id.* (citations omitted).

The court also notes that the presentence investigation report in this case reflects that Petitioner "reported no history of mental or emotional problems or treatment for such" and "[o]ur investigation revealed no information to the contrary." PSR ¶ 52, DE 33.[2] Nevertheless, during the sentencing hearing, Petitioner's counsel expressed her belief that he "needs a mental health assessment . . . I think there's some intellectual deficits, but I think there's also some emotional traumas, and he has this reoccurring experience, although he's in jail now, of experiencing the sense of homelessness and being without family and support." Sentencing Tr., 11: 15-21, DE 48. The court agreed to make a recommendation to the Bureau of Prisons for a mental health assessment "to see if there's . . . any interaction between the trauma from his childhood and his

---

[2] Probation noted in the PSR that he had "learning difficulties" for which he was assessed as a child but received no form of counseling. *See id.*

9

current presence, and . . . to see . . . if any coping mechanisms can be explored." *Id.* 21: 4-9. Neither this exchange nor anything in the record refers to any sort of mental or intellectual incompetence rendering Petitioner incapable of understanding his criminal proceedings and guilty plea. The court concludes that Petitioner's allegations regarding defense counsel's performance are insufficient to show it was either deficient or prejudicial to the Petitioner.

Petitioner also argues generally that he suffered a due process violation when the court determined he "was competent at the plea hearing." DE 42 at 5. Petitioner fails to show he was deprived of any right to due process in his criminal proceeding. As set forth above, the record is devoid of any indication that Petitioner suffered from a condition that might impair his ability to understand the criminal proceedings, and his own testimony during the arraignment reflects his understanding and capacity to participate knowingly and voluntarily in a plea hearing. The court finds Petitioner fails to allege a violation of his due process under the Constitution.

Finally, in his motion for leave to supplement his § 2255 petition (DE 54), Petitioner asks to add a claim appearing to seek a sentence reduction based on Amendment 821 to the U.S. Sentencing Guidelines. However, such claim is not cognizable in a habeas proceeding. *See United States v. Foote*, 784 F.3d 931, 937 (4th Cir. 2015) (citing *United States v. Addonizio*, 442 U.S. 178, 186 (1979)). ("because the sentence imposed by the district court was 'within the statutory limits,' and the proceedings were not 'infected with any error of fact or law of the fundamental character,' the claim was not appropriate for § 2255 review"). Here, Petitioner does not argue, and the court does not find, that Petitioner's sentence was outside statutory limits or that this court committed any error of fact or law. Further, a request for a sentence reduction must be made by separate motion pursuant to 18 U.S.C. § 3582. *See United States v. Jones*, 143 F. App'x 526, 527 (4th Cir.

Case 5:20-cr-00293-M   Document 62   Filed 08/21/24   Page 10 of 11

2005). Thus, having found no valid basis on which to supplement the § 2255 petition, the court will deny Petitioner's motion.

## IV. Conclusion

The United States has "conclusively show[n] that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b). The petition is untimely and, alternatively, Petitioner fails to allege plausible claims of ineffective assistance of counsel in violation of the Sixth Amendment and deprivation of due process in violation of the Fifth Amendment. Moreover, the court finds no basis on which to grant Petitioner's motion to supplement his § 2255 petition.

The court further finds that reasonable jurists would not find the court's treatment of any of Petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. *See Buck v. Davis*, 580 U.S. 100, 122 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). The court therefore denies a certificate of appealability.

Accordingly, the court GRANTS the United States' motion to dismiss [DE 51], DENIES Petitioner's Section 2255 petition [DE 42], DENIES Petitioner's motion for leave to supplement the petition [DE 54], and DENIES a certificate of appealability.

SO ORDERED this 20th day of August, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE